**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| RICHARD B. COLVIN, | § | |
| | § | |
| *Appellant,* | § | |
| | § | |
| v. | § | Civil Action No.  5:15-CV-413-XR |
| | § | |
| AMEGY MORTGAGE COMPANY, LLC, | § | (Adversary No. 12-05106-cag) |
| | § | (Bankruptcy No. 11-51241-cag) |
| *Appellee*. | § | |
| | § | |

**ORDER**

On this date the Court considered Appellee's Motion to Dismiss Appeal (docket no. 3).
For the following reasons, the Court GRANTS the motion.

**Factual and Procedural Background**

Appellant Richard Colvin filed his *Second Amended Complaint* to avoid the transfer of a
lien in favor of Appellee Amegy Mortgage Company ("Amegy") against his real property on
July 11, 2014.  (Docket no. 3, at 1).  The complaint contained what the Bankruptcy Court
interpreted as six basic causes of action: (1) avoidance claims relating to a piece of real property
called the "Home Tract," (2) a claim for violation of the co-debtor stay, (3) claims for violation
of the automatic stay predicated on recognition of the easement on a piece of real property called
the "Cell Tower Tract," (4) a claim for violation of the automatic stay based on Amegy's
foreclosure on the Home Tract, (5) a claim for equitable subordination, and (6) claims for
violation of the automatic stay based on Amegy's actions in precluding Colvin's realtor from
placing a "For Sale" sign and/or denying Colvin's realtor access to the Home Tract.  (Docket no.
3, at 10).

Amegy moved to dismiss for failure to state a claim under FED R. CIV. P. 12(b)(6) on August 6, 2014. (Docket no. 5, at 1). The Bankruptcy Judge conducted a hearing on September 23, 2014. (Docket no. 3, at 2). On January 7, 2015, the Bankruptcy Court issued its *Order Granting, In Part, and Denying, In Part, Defendant Amegy Mortgage Company LLC's Motion to Dismiss (ECF No. 74)* ("First Dismissal Order"). (Docket no. 3, App. A-1). In that order, the Bankruptcy Court dismissed claims (1)-(5) as they are listed above, but did not dismiss claim (6). (*Id*.)

Amegy filed a motion to sever all of the causes of action dismissed by the First Dismissal Order, numbers (1)-(5), from the remaining cause of action yet to be tried by the Bankruptcy Court, number (6), on March 6, 2015. (Docket no. 3, at 2). In response, Colvin filed a motion to dismiss his only remaining cause of action. (Docket no. 5, at 2). The Bankruptcy Court granted Colvin's motion to dismiss, entering its *Order of Dismissal* ("Second Dismissal Order") on April 8, 2015. (Docket no. 3, App. A-2). The Second Dismissal Order states, "that the [Colvin] claims that [Amegy] violated the automatic stay by precluding [Colvin's] realtor from placing a 'For Sale' sign and/or denying [Colvin's] realtor access to the Home Tract are Dismissed." *Id*. Five days later, on April 13, 2015, Colvin filed his Notice of Appeal, which states:

> Richard B. Colvin, debtor in possession, the Plaintiff, appeals under 28 U.S.C. § 158(a) or (b) from the judgment, order or decree of the bankruptcy judge that dismisses this adversary proceeding entered in this adversary proceeding on April 8, 2015.

(Docket no. 3, App. A-3). No copies of either the First or Second Dismissal Orders were attached to this Notice of Appeal. (*Id*.)

Eleven days later, on April 24, 2015, sixteen days after the Bankruptcy Court issued its final judgment, Colvin filed his Amended Notice of Appeal, which states:

Richard B. Colvin, debtor in possession, the Plaintiff, appeals under 28 U.S.C. § 128(a) or (b) from the judgment, order or decree of the bankruptcy judge that dismisses most claims in his adversary proceeding dated January 7, 2015 (Dkt. No. 89) and which will become final when the Order entered on April 8, 2015 (Dkt. No. 100) becomes final.

(Docket no. 3, App. A-4).  A copy of the First Dismissal Order was attached to this notice of appeal.  (*Id.*)

Amegy filed the motion presently under consideration, its *Motion to Dismiss Appeal* (docket no. 3) on June 9, 2015.  In its motion, Amegy argues that "this Court does not have subject matter jurisdiction to consider [this] appeal" because Colvin did not attach a copy of the order being appealed to his first Notice of Appeal and thus did not file a "perfected" notice of appeal within the 14-day time period required by Federal Rule of Bankruptcy Procedure 8002 ("Rule 8002").  (Docket no. 3, at 1-2).  Amegy argues that Federal Rule of Bankruptcy Procedure 8003 ("Rule 8003") requires the judgment being appealed to be attached to the notice of appeal.  Amegy also argues that Colvin's initial Notice of Appeal "refers only to the Second Dismissal Order . . . neither referenc[ing] nor mention[ing] the First Dismissal Order."  (Docket no. 3, at 5-6).

Colvin filed his *Response to Amegy Mortgage Company LLC's Motion to Dismiss Appeal* (docket no. 5) on June 23, 2015.  Colvin argues that Rule 8003 does not affect jurisdiction, that he did file a proper notice of appeal, and that Amegy has suffered no prejudice in any case.  (*See generally* docket no. 5).  Amegy replied on June 30, 2015 (docket no. 7).

## Analysis

The statute granting the district courts appellate jurisdiction in bankruptcy cases is 28 U.S.C. § 158(a)(1), which states that "[t]he district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees."  Appeals to the district

courts "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." *Id*. § 158(c)(2).

Rule 8002(a)(1) provides that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."  Rule 8003 of the Federal Rules of Bankruptcy Procedure states, in relevant part: "The notice of appeal must be accompanied by the judgment, order, or decree, or the part of it, being appealed."  FED. R. BANKR. P. 8003(a)(3)(B).  This rule requires that an appellant actually attach the order being appealed to his notice of appeal.[1]  In a separate subsection, Rule 8003 also gives district courts discretion to dismiss an appeal for failure to adhere to the requirements of filing a notice of appeal.  *Id*. 8003(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or [Bankruptcy Appellate Panel] to act as it considers appropriate, including dismissing the appeal.").

The bankruptcy court's final judgment was entered on April 8, 2015.  Therefore, the last day on which Colvin could have filed or amended his appeal was April 22, 2014.  *See* Rule 8002. The only means the bankruptcy rules provide to extend this deadline is to file a motion under Rule 8002(d)(1), which states "the bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed: (A) within the time prescribed by [Rule 8002(a)(1)]; or (B) within 21 days after that time, if the party shows excusable neglect."  FED R. BANKR. P. 8002(d)(1).

---

[1]  The 2014 Committee Notes to FED. R. BANKR. P. 8003 state that "[t]he rule now requires that the judgment, order, or decree being appealed be *attached* to the notice of appeal."  (emphasis added).  This clarifies that the word "accompanied" in Rule 8003(a)(3)(B) means attachment.  Rule 8003(a)(3)(B) requires actually attaching the order being appealed to the notice of appeal.

Colvin did not move the Court to extend the time for him to file his notice of appeal in the initial 14 days after the April 8, 2015 judgment. His time expired on April 22. Colvin did not move the Court to extend the time for him to file his notice of appeal within 21 days of April 22, which expired on May 13, and still has not done so. Colvin did file an "Amended Notice of Appeal" on April 24, but he did not move for leave to do so, nor did he attempt to demonstrate "excusable neglect." (*See* docket no. 3, App. A-4); *see also* FED R. BANKR. P. 8002(d)(1). Therefore, the Court finds Colvin's April 24 Amended Notice of Appeal untimely and cannot consider it. *See* Rule 8002; *In re Lin*, No. ADV. 14-1373, 2015 WL 1736500, at *5 (D.N.J. Apr. 16, 2015) (dismissing as untimely a bankruptcy appeal filed more than 14 days after final judgment where appellant also failed to move for an extension of time).

However, Colvin did submit his first notice of appeal in a timely fashion. Final judgment in the adversary proceeding was entered on April 8, 2015. (Docket no. 3, App. A-2). Colvin submitted his first notice of appeal five days later on April 13, well within the time constraints of Rule 8002(a)(1). (Docket no. 3, App. A-3). The portion of the notice of appeal identifying the judgment being appealed from states, in full:

> Richard B. Colvin, debtor in possession, the Plaintiff, appeals under 28 U.S.C. § 158(a) or (b) from the judgment, order or decree of the bankruptcy judge that dismisses this adversary proceeding entered in this adversary proceeding on April 8, 2015.

(*Id*.) This notice of appeal makes no direct reference to the First Dismissal Order from January 7. However, that is not automatically fatal to Colvin's appeal.

The general policy of the Fifth Circuit is to be "'lenient' in interpreting notices of appeals, and [to maintain] 'a policy of liberal construction . . . where the intent to appeal an unmentioned or mislabeled ruling is apparent and there is no prejudice to the adverse party.'" *In re Blast Services, Inc.*, 593 F.3d 418, 424 n.3 (5th Cir. 2010) (quoting *C.A. Marine Supply v.*

*Brunswick Corp.*, 649 F.2d 1049, 1056 (5th Cir. 1981)).  The test for whether a court should consider appeals on issues or orders not clearly indicated in the notice of appeal is whether: (1) "the intent to appeal a particular judgment can be fairly inferred, and (2) . . . the appellee is not prejudiced or misled by the mistake." *In re TransAmerican Natural Gas Corp.*, 978 F.2d 1409, 1414 (5th Cir. 1992) ("If there is an error in designating a judgment appealed, the error should not bar an appeal if the intent to appeal a particular judgment can be fairly inferred, and if the appellee is not prejudiced or misled by the mistake.").  Thus, if from Colvin's first notice of appeal, it may be fairly inferred that he intended to appeal the First Dismissal Order from January 7, and if Amegy has not been prejudiced, then Colvin's failure to designate the correct order being appealed will not bar his appeal.  Still, if Colvin has failed to adhere to any of the rules governing the filing of notices of appeal in bankruptcy proceedings, this Court has discretion to dismiss the case.  FED. R. BANKR. P. 8003(a)(2).

## I.      Whether it may be fairly inferred that Colvin intended to appeal the entire adversary proceeding.

Colvin argues that his intent to appeal the First Dismissal Order is clear in his first notice of appeal.  The text of that notice of appeal states that Colvin is appealing "the judgment, order or decree of the bankruptcy judge that dismisses this adversary proceeding entered in this adversary proceeding on April 8, 2015."  This language, Colvin argues, when construed liberally, clearly indicates that he intended to appeal the entirety of the adversary proceeding, not just the Second Dismissal Order.  Colvin himself requested the dismissal in the Second Dismissal Order. He could therefore not appeal from it.  *See Derrow v. Bales*, 210 F.3d 367 (5th Cir. 2000) (per curiam) (citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976) ("A plaintiff who successfully moves for voluntary dismissal without prejudice cannot appeal the district court's order granting the same.").  Colvin argues because he could not appeal the second dismissal

order, the inference that he was appealing the First Dismissal Order was even more clear and fair than reading the language on its own.  He argues the very fact that Colvin submitted an appeal is indication that he intended to appeal the portion of his adversary proceeding that is appealable – the First Dismissal Order.

To support this argument, Colvin cites two bankruptcy cases.  In *In re Blast Energy Services, Inc.*, the appellant submitted a notice of appeal that referred only to an order dismissing a motion for rehearing, but did not refer to the underlying dismissal order.  593 F.3d at 421-22.  The court found that appellant's notice of "appeal effectively included an appeal of the Dismissal Order.  Although [appellant's] notice of appeal only referred expressly to the [Motion for Rehearing], it certainly implied that it was appealing the entire case."  *Id*. at 424 n.3.  Colvin argues that, like the appellant in *Blast*, his notice of appeal, while failing to refer expressly to the January 7 dismissal order, certainly implies that he is appealing the entire adversary proceeding.

In the second case, *In re Premier Operations*, 290 B.R. 33, 36 (S.D.N.Y. 2003), the appellant inadvertently referred to the incorrect order in its notice of appeal.  After the deadline for filing a notice of appeal had passed, appellant submitted an amended notice of appeal properly identifying what was being appealed.  *Id*.  The court found that "even if [appellant's] original notice itself was incorrectly worded, the Bankruptcy Court's official record contained sufficient information to put [appellee] on notice of the error" because the bankruptcy court's docket entry for the notice of appeal referred to the correct orders being appealed.  *Id*. at 38.  Additionally, the court found that appellant's amended notice of appeal clearly showed that the appellant "took timely steps to give sufficient notice of the filing of an appeal."  *Id*.  Therefore, the court found there was "no genuine doubt . . . about who is appealing, from what judgment, to which appellate court."  *Id*. (quoting *Becker v. Montgomery*, 532 U.S. 757, 759 (2001)).

Colvin argues that his case is similar to *Premier*. In both cases: (1) the initial notice of appeal referred to the incorrect order, (2) an amended appeal was submitted after the filing deadline clarifying the judgment being appealed, and (3) according to Colvin, the Bankruptcy Courts' docket revealed the true intent of the appellant. Thus, Colvin argues that his initial notice of appeal, like the appellant's in *Premier*, leaves no doubt about who is appealing what to whom and is therefore adequate.

The Court does not find these cases persuasive. First, looking at the plain text of Colvin's initial notice of appeal, it states that Colvin appeals "from the judgment, order or decree of the bankruptcy judge that dismisses this adversary proceeding entered in this adversary proceeding on April 8, 2015." Only one order was entered on April 8 – the Second Dismissal Order. A simple reading of the notice of appeal gives no indication on its own that Colvin intended to appeal any other order.

Second, *Blast Energy Services, Inc.*, is an inapt analogy for the case at bar. In that case, the Fifth Circuit found that the appellant's first notice of appeal asking for review of the lower court's refusal to grant a motion for rehearing effectively contained an appeal of the underlying dismissal order that dismissed the entire case. The Fifth Circuit found so for two reasons: (1) the relief requested in the motion for rehearing itself specifically included review of the earlier dismissal order, *In re Blast Energy Services, Inc.*, 593 F.3d at 423-24; and (2) appellant's appeal "was styled, in part, as an appeal of a Rule 59(e) motion; [the Fifth Circuit has] specifically treated appeals of such motions as appeals of the underlying judgment when the intent to do so was clear." *Id*. at 424 n.3. In this case, Colvin has appealed the Bankruptcy Court's order of April 8. That order does not mention any other orders nor does it deny any relief related to the First Dismissal Order from January 7. Unlike the notice of appeal in *Blast Energy Services*,

nothing in Colvin's notice of appeal asks for relief from the earlier order of January 7, nor is

Colvin's notice of appeal of a class that receives special treatment from the Fifth Circuit.

Therefore, under the logic of *Blast Energy Services*, an appeal of the January 7 order cannot be

fairly inferred from Colvin's notice of appeal.

Third, *In re Premier Operations* is also distinguishable.  While the Bankruptcy Court's

docket in *Premier* indicated the correct orders that the appellant intended to appeal, the

Bankruptcy Court's docket in this case does not do so. Here, the Bankruptcy Court's docket

entry for Colvin's notice of appeal (104) states:

> Notice of Appeal Filed by Alan S. Gerger for Plaintiff Richard B. Colvin . . .
> (related document(s): [Docket No.] 100 Order of Dismissal (related document(s):
> [Docket no.] 95 Motion to Dismiss Case filed by Alan S. Gerger for Plaintiff
> Richard B. Colvin))

(Docket no. 5, at 10).  None of those orders ("related documents") mentioned in the Bankruptcy

Court's docket concern the First Order of Dismissal from January 7 or any of the causes of

action it dismissed.  The only related documents on the Bankruptcy Court's docket pertaining to

Colvin's notice of appeal are Colvin's own motion to dismiss the final cause of action and the

Bankruptcy Court's Second Dismissal Order.  Thus, neither Colvin's notice of appeal indicated

he intended to appeal the First Dismissal Order, nor did the Bankruptcy Court's docket.  Further,

while Colvin, like the appellant in *Premier*, filed an amended notice of appeal, this Court has

already addressed that Colvin's amended notice of appeal was filed without leave and outside the

time limit and will not be considered.

The most similar case to the facts here is one the court in *Premier* went to great pains to

distinguish: *In re Taylor*, No. 98 CIV. 9205 (DC), 1999 WL 777955, at *4 (S.D. N.Y. Sept. 30,

1999).  In *Taylor*, the only timely notice of appeal was mis-captioned and appealed from the

wrong order.  Realizing his mistake, the appellant filed an amended notice of appeal four days

after the deadline that named the correct order it intended to appeal.  *Id*. at *4. The *Taylor* court held that while the amended notice of appeal purported to appeal the correct order, it did not save the faulty initial appeal, or relate back to it, because the initial notice did not refer to that correct order.  *Id*.  The Court therefore granted the motion to dismiss the appeal of the correct order because it was not mentioned in the only timely notice of appeal on record and that flaw could not be saved by an untimely amended notice of appeal.  *Id*.  The case here is virtually identical in every relevant way.  Colvin's initial notice of appeal contains no information about the First Dismissal Order, and the untimely amended notice of appeal does not save it.

Colvin's timely notice of appeal lacks any information from which it could be fairly inferred that he intended to appeal the First Dismissal Order: the wrong order was in the notice of appeal, the wrong documents were listed in the Bankruptcy Court's docket, the amended notice of appeal was untimely, and the order being appealed was not attached to any of the notices.  To say that his intent could be fairly inferred from his notice of appeal is to ask the reader to somehow infer that Colvin meant to appeal nothing he *did* mention and everything he *did not* mention in his notice of appeal.  However liberal the standard may be for interpreting notices of appeal in the Fifth Circuit, it certainly does not allow for one to plead the opposite of what he means.  If this Court interpreted the notice of appeal to fairly infer an appeal of the First Dismissal Order, it would be lowering the standards so low they would lose all meaning.

Because Colvin has not filed a notice of appeal from which it could be fairly inferred that Colvin desired to appeal the First Dismissal Order, this Court has no jurisdiction over an appeal of that order.  As Colvin cannot appeal the Second Dismissal Order because he requested it himself, *See Derrow v. Bales*, 210 F.3d 367 (5th Cir. 2000), and there are no other orders or issues properly before the Court, Colvin's appeal must be dismissed in its entirety.

Finally, Colvin also did not attach a copy of the First Dismissal Order to either his initial or his amended notice of appeal.[2]  Because Colvin failed to attach a copy of any order to any of his notices of appeal, the Court finds that Colvin has violated Rule 8003(a)(3)(b).  Given this failure, and the other pleading failures in this case, the Court would exercise its discretion provided in Rule 8003(a)(2) to dismiss the appeal even if an appeal of the First Dismissal Order could be fairly inferred from the first notice of appeal.  *See* Rule 8003(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court  . . . to act as it considers appropriate, including dismissing the appeal.").  For all of the above reasons, Colvin's appeal is dismissed.

**Conclusion**

For all of the above stated reasons, the Court GRANTS Defendant's motion to dismiss the bankruptcy appeal (docket no. 3). The Clerk is instructed issue judgment and to close the case.

It is so ORDERED.

SIGNED this 3rd day of August, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[2] Perhaps if he had attached it to the first notice of appeal, his intention to appeal the First Dismissal Order could have been fairly inferred.  He did not.